Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Robin E. Perkins, Esq.
Nevada Bar No. 9891
Jennifer L. McBee, Esq.
Nevada Bar No. 9110
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: asorenson@swlaw.com
       rperkins@swlaw.com
       jmcbee@swlaw.com

*Attorneys for Wells Fargo Bank, N.A.*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARGO NEVADA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORPORATION, a foreign corporation doing business in Nevada; WELLS FARGO BANK, NA; DOES 1-5, inclusive; and ROE Business Entities 6-10, inclusive,<br><br>Defendants. | Case No. 2:16-cv-02212-RFB-VCF<br><br>**JOINT MOTION TO STAY DISCOVERY PENDING DETERMINATION OF WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendants Wells Fargo Bank ("Wells Fargo") and Quality Loan Service Corporation ("Quality Loan," and together with Wells Fargo, the "Defendants"), and Plaintiff Argo Nevada, LLC ("Plaintiff," and collectively with Defendants, the "Parties"), by and through their respective counsel, hereby jointly move this Court for an order staying discovery pending resolution of Wells Fargo's Motion to Dismiss Plaintiff's Complaint.

This Joint Motion is based upon the following Memorandum of Points and Authorities, all papers filed with the Court, any documents incorporated by reference or subject to judicial notice, and any oral argument this Court may entertain.

25348528

## MEMORANDUM OF POINTS AND AUTHORITIES

Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint (the "Motion") under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) The Parties respectfully request that this Court stay discovery while the Motion is pending. This is the first request for a stay of discovery in this matter.

**A.   The Pending Motion to Dismiss Is Potentially Dispositive of the Entire Case and Can Be Decided Without Additional Discovery.**

While the standard to justify a stay is demanding, this case amply satisfies it. In deciding whether to stay discovery, the Court weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The Court also considers whether the pending motion is potentially dispositive of the entire case and whether that motion can be decided without additional discovery. *Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013).

The Parties agree that Wells Fargo's Motion warrants a stay under each consideration. First, Wells Fargo's Motion seeks dismissal with prejudice of the action in its entirety. Second, the bases for the Motion are that (1) Plaintiff's claims for violation of NRS 107.080 and NRS 107.087 fail based on the plain language of the statute and the publicly recorded documents; (2) Plaintiff's unjust enrichment claim fails as it is not ripe; and (3) Plaintiff's declaratory relief fails because his substantive claims fail. (ECF No. 9.) If this Court agrees, this case must be dismissed in its entirety in Defendants' favor. As Wells Fargo's Motion is based solely on purely legal arguments and recorded documents – of which this Court may take judicial notice – the Motion also may be decided without discovery. A discovery stay in this case is therefore justified.

Finally, while Wells Fargo's Motion is pending, Plaintiff's ability to conduct discovery is prejudiced because discovery cannot be customized to Defendants' answers. It is therefore likely that discovery would need to be extended, or that discovery already conducted would need to be reopened or supplemented after Defendants file an answer. The Parties agree that if discovery

25348528

proceeds while the Motion is pending, it will be difficult to accomplish a "just, speedy and inexpensive determination" of the matter under Federal Rule of Civil Procedure 1. Discovery for all Parties will be longer, more expensive, and less efficient.

**B.  The Arguments on the Merits in Wells Fargo's Motion to Dismiss Independently Justify a Stay of Discovery.**

The Court also weighs the expense of discovery against "the underlying principle that a stay of discovery should only be ordered if the court is 'convinced' that a plaintiff will be unable to state a claim for relief."[1] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Courts have embraced the approach and analysis set forth in *TradeBay*. *Money v. Banner Health*, Civil No. 3:11-cv-00800-LRH-WGC, 2012 U.S. Dist. LEXIS 49922, at *16 (D. Nev. Apr. 9, 2012) (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011)). Arriving at this determination "often requires a magistrate judge to take a 'preliminary peek' at the motion that is pending before the district judge." *Chartis Specialty Ins. v. Gemstone LVS, LLC*, 2:11-cv-1669-MMD-CWH, 2012 U.S. Dist. LEXIS 111852, at *6 (D. Nev. Aug. 8, 2012).

A "preliminary peek" here shows that Plaintiff cannot maintain its action as a matter of law. First, Plaintiff's allegation that Wells Fargo violated NRS 107.080 fails based on the plain language of the statute and a cursory look at the publicly-recorded documents relating to the property at issue in this case. Wells Fargo gave statutorily proper notice of the pending foreclosure sale. Specifically, the statute requires that the notice of sale and notice of default be sent to the "grantor <u>or</u> to the person who holds the title of record." NRS 107.080(3) (emphasis added). Plaintiff does not allege that Wells Fargo failed to provide notice of default or notice of sale to the grantor; thus, this claim fails. Second, Plaintiff's unjust enrichment claim fails as a matter of law because it is not ripe; indeed, Wells Fargo has not retained a benefit that belonged to Plaintiff. Third, Plaintiff cannot obtain declaratory relief where the substantive claims fail, as they do here. Plaintiff is not entitled to a declaration that the Property cannot be sold without an opportunity to cure when it purchased the Property subject to Wells Fargo's lien. (ECF No. 9.)

---

[1] While Plaintiff agrees that this Joint Motion to Stay Discovery should be granted, and that Wells Fargo's Motion to Dismiss, if granted, would be dispositive of the entire case, Plaintiff does not agree that Wells Fargo's Motion to Dismiss should or will be granted on the merits.

- 3 -

1  Wells Fargo's Motion details why Plaintiff's action should be dismissed in its entirety, and a
2  "preliminary peek" demonstrates that Plaintiff's claims fail.  Accordingly, a stay of discovery
3  pending the resolution of Wells Fargo's Motion is warranted.

## CONCLUSION

If discovery is not stayed pending resolution of the Motion, the Parties will be forced to incur legal fees and costs for document production, discovery responses and depositions, all of which will be mooted if the Court grants the dispositive motion now pending.

Such a result would be costly, inefficient, and likely needless.  The Parties therefore respectfully request that discovery be stayed pending resolution of the Motion.

DATED this 15th day of February 2017.

SNELL & WILMER L.L.P.

By:  /s/ Jennifer L. McBee
    Amy F. Sorenson (NV Bar No. 12495)
    Robin E. Perkins (NV Bar No. 9891)
    Jennifer L. McBee (NV Bar No. 9110)
    3883 Howard Hughes Parkway, Suite 1100
    Las Vegas, NV 89169
    Telephone:  (702) 784-5200
    Facsimile:  (702) 784-5252

*Attorneys for Defendant Wells Fargo Bank, N.A.*

DATED this 15th day of February 2017.

MCCARTHY AND HOLTHUS

By:  /s/ Thomas N. Beckom
    Thomas N. Beckom (NV Bar No. 12554)
    9510 West Sahara, Suite 200
    Las Vegas, NV 89117
    Telephone:  (702) 685-0329
    Facsimile:  (702) 339-5691

*Attorneys for Defendant Quality Loan Service Corporation*

/ / /

/ / /

DATED this 13th day of February 2017.

LAW OFFICES OF MONT E. TANNER

By:  /s/ Mont E. Tanner
    Mont E. Tanner (NV Bar No. 4433)
    2950 East Flamingo Road, Suite G
    Las Vegas, NV 89121
    Telephone:  (702) 369-9614
    Facsimile:  (702) 369-5731

*Attorney for Plaintiff Argo Nevada, LLC*

25348528

**ORDER**

**IT IS SO ORDERED.**

Dated this \_\_27th\_\_ day of \_\_February\_\_ 2017.

_____
UNITED STATES MAGISTRATE JUDGE

25348528

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2017, I electronically filed the foregoing **JOINT MOTION TO STAY DISCOVERY PENDING DETERMINATION OF WELLS FARGO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 15th day of February 2017.

/s/ Jill Math
An Employee of Snell & Wilmer L.L.P.

25348528